JOSHUA M. VAN COTT, RESPONDENT, *v.* JOHN PRENTICE
AND OTHERS, EXECUTORS, ETC., OF JOHN H. PRENTICE,
DECEASED, APPELLANTS.

*Trust deed — when separate instruments are to be construed as one — what delivery of a trust deed is valid — amendments to complaint — an action against persons as executors cannot be changed to one against them as individuals.*

March 4, 1871, the defendants' testator John H. Prentice executed a trust deed, under seal, by which he conveyed certain securities to the plaintiff, in trust to collect the interest and income thereof, and to invest and reinvest the principal, and to pay over the interest as Prentice should direct. The principal of the fund was to be held by the plaintiff, subject to the directions of Prentice contained in a private and confidential paper then delivered in a sealed envelope to the plaintiff, to be opened by him at Prentice's death, if he should survive the

latter, said principal to be subject in the meantime to Prentice's direction and pleasure, and to be returned to Prentice in the event that he survived the plaintiff, and absolutely subject to Prentice's direction and control until the event of his death.

In this confidential paper it was directed that the interest be paid to one King, to be paid by King to persons named in such confidential written instructions which were delivered both to King and to the plaintiff. The directions for the disposition of the principal were valid, though unknown to the plaintiff at the time of the execution of the deed. The securities were returned to Prentice May, 1871, who invested, reinvested and collected the income thereof under a power of attorney from the plaintiff, to whom the income was paid over. Prentice died without having altered the instructions or revoked the trust.

In this action, brought by the plaintiff to recover the securities or their value from the defendants as executors of Prentice:

*Held*, that the written confidential communication was to be treated as part of the trust deed.

That there was a good and valid delivery of the deed, sufficient to vest the title of the securities in the trustee, at the time of its execution.

That the plaintiff was entitled to recover.

The defendants were sued as executors, and the complaint alleged and the answer admitted that they held the securities in their representative capacity. After the trial the complaint was amended, upon the plaintiff's motion, so as to make the action one against the defendants individually, and a judgment against them as individuals was entered.

*Held*, that the court erred in allowing the amendment to be made.

APPEAL from a judgment, entered upon an order setting aside a verdict rendered in favor of the defendants and directing a verdict and judgment to be entered in favor of the plaintiff; also from an order amending the complaint by striking out the word " as " from the title thereof, and granting leave to the plaintiff to enter judgment against the defendants personally.

The plaintiff, as trustee of an express trust, sued in replevin to recover trust securities, or the value thereof, wrongfully withheld from him by the defendants. The trust is constituted by a deed under seal, and two writings therein referred to, dated and delivered by the settler to the trustee, March 4, 1871. The trust securities were delivered to the trustee, simultaneously with the three trust instruments, more particularly described in the following opinion. On May 1, 1871, the trustee executed and delivered to the settler a power of attorney to collect the principal and interest accruing upon the trust securities, which consisted of bonds and mortgages, and took from him a receipt for the power of attorney and the securities, which were then delivered to him. The settler

acted under this power of attorney until his death, March 13, 1881, collecting and paying over to the trustee the interest accruing on the securities, and with the concurrence of the trustee reinvesting the proceeds of the principal paid on the securities, in numbered and registered city bonds of Brooklyn, which he from time to time reported to the trustee as reinvestments made and held for the trust, and paying over to the trustee the interest accruing on the reinvestments as he had theretofore paid over the interest accruing on the primary securities.  After the settler's decease the trustee exhibited to the defendants the trust instruments and accounts and demanded a delivery to him of the securities.  The defendants refused to deliver the securities.  The trust was to hold the securities and their reinvestments and proceeds, to collect and pay over the income (one-third thereof to Mrs. Howland and two-thirds in equal shares to her three children) until the youngest child should come of age, and then to divide the capital, one-third to her and two-thirds to the three children, or the survivors or survivor of them.  At the date of the trust deed the three children were five, eight and fourteen years of age.  In the trust instruments it was provided that the settler should have a supervision of the reinvestments; that if any proceeding should be taken at law or in equity by the beneficiaries or others in hostility to the trust, it should *ipso facto* determine; that if the trustee should die before the settler the securities should be returned to him, and that the settler reserved a power of revocation by "express testamentary or other disposition thereof in accordance with the condition of said trust."  There was no evidence of a revocation or that either event had happened on which the trust was to terminate.

*Almon Goodwin* and *Aaron J. Vanderpoel*, for the appellants.

*Alex. H. Van Cott*, for the respondent.

BARNARD, P. J.:

The amendment made after the trial by which the defendants were made to answer individually to the plaintiff's claims cannot be sustained.  The defendants were sued as executors of John H. Prentice, deceased.  The sole question disclosed by the case is whether the title to certain securities is in the plaintiff or in the defendants as executors of the deceased.  While it may be within

the power of the court to amend the complaint after the trial, such amendment should not be made when the effect is to charge the defendants personally in respect to a dispute which is carried on by them solely for the benefit of the estate which they respresent. The cases cited to justify the amendment, in the Court of Appeals have no relevancy.

*Ferrin* v. *Myrick* (41 N. Y., 351); and *Patterson* v. *Patterson*, (59 id., 574), refer to contracts made by executors after the testator's death. The expenditures made in these cases were chargeable by the executors to those estates, and it was held that they were personally liable upon the contracts. The theory of those cases is that the executors' contract must be performed by them personally because they cannot bind their estate. In this case the executors are bound to assert their claim to the property as part of their intestate's assets. The question is novel and doubtful, and it would be unjust to impose on the executor the duty of personally becoming responsible for the cost of the litigation. They have not converted the property to their own use. This order should therefore be reversed. The complaint avers that the defendants hold the securities in question " in their representative capacity " and in no other way. The answer admits this and avers title in the estate which they represent.

The remaining questions in the case arise upon the merits. The consideration of this question involves no disputed question of fact. The facts are mainly, if not entirely, presented upon writings which were executed by the deceased. John H. Prentice, on the 4th of March, 1871, made a conveyance of certain securities to J. M. Van Cott in trust to collect and receive interest and the principal thereon, to reinvest the principal from time to time and to pay the interest as directed by Prentice " from time to time." A private and sealed paper was delivered with the conveyance and the conveyance declared that Van Cott was to open the papers " at my death if he shall survive me, " and if the papers were not recalled, or if the deceased John H. Prentice should not otherwise order during his life.

The paper decrees that it is voluntary, and the fact is an admitted one in the case. With the trust deed or instrument, and the sealed papers, there was delivered to Van Cott, a paper directing the pay-

ment of the interest to Clarence King with direction to King to pay it to Mrs. Howland for the use of herself one-third, and for the use of her children as to the remaining two-thirds. This direction was stated in these instructions " to be subject to the provisions of the said deed of trust." The interest under this paper was paid to King during the life of John H. Prentice, and he died in March, 1881, leaving a last will, but the will did not mention the trust deed. Prentice himself during his life managed the trust fund under a sealed power of attorney from Van Cott, the interest being paid to Van Cott, and by him sent to King. The secret instructions which were to be opened by Van Cott were under the seal of the deceased. It will be seen that the possession of Mr. Van Cott, during the life of Prentice, was that of attorney merely, with the probable right to sue upon the securities in his own name. Prentice had the power of revocation, and of direction of a change in the application of principal or interest, " until the event of my death." If Van Cott died first, the paper defining the duty of the trustee was to be returned to Mr. Prentice. Mr. Prentice also reserved the right to direct and approve of the investment and reinvestment of the securities. There was no time during Prentice's life, when as between him and the trustee an absolute title was vested in the trustee beyond the power of revocation. Van Cott held a nominal title of Prentice's securities to be used as Prentice directed, and even the title was to be returned on request of Prentice. No question as to the fund so far as its distribution was made in Prentice's life is material. The distribution was good whether the title was in deceased or in Van Cott. The real question therefore is (as I view it) whether a deed which is dependent, first, on its not being revoked, but with full power reserved in it to revoke it during the life of the grantor, and second, on the trustees surviving the donor, and third, upon the conditions not contained in the deed but in the secret instructions that the deed be not revoked by a last will, is good to convey the property when the trustee in fact does survive the testator and when in fact there was no revocation either in testator's lifetime or by will? The case is a new one. No authority is presented with essentially similar facts. A deed with a power of revocation not exercised is to be treated as irrevocable. There are no questions arising as between the creditors of Prentice and the

plaintiff. If the secret papers had been embodied in the deed the case would be free from difficulty. The trustee knew nothing of the contents of the sealed paper and it was not designed by Prentice that he should know until after his death. It might happen that the trustee could not obey the instructions and he could not be compelled to execute what he had not agreed to do with knowledge of what it was. Did the trustee's acceptance of the trust, after he knew of the contents, date from the opening of the paper or of the date of the deed? Was the written instruction delivered in fact until after it was opened, when it was too late? These questions are suggested by the facts proven.

Keeping in mind that the question is one solely between the parties to the deed, I think the secret paper was a part of the deed and that it speaks as of the date of the deed. A nominal title was put in the plaintiff to hold during testator's life, and there was an agreement exacted of the trustee that he would pay over the fund as directed in a paper then delivered sealed. This certainly binds Prentice, as it is his act and is complete as to him. The trustee holds the title not for himself. Whose is it? It is not in Prentice if the transfer was complete and the trusts legal. The question, therefore, finally rests upon the fact whether or not the secret paper was a part of the transfer as against Prentice. If it had been intended to be executed in his lifetime the fact that the grantee did not know its nature at the delivery of the deed would make no difference if it was in point of fact executed. If the delivery was complete in Prentice's life the papers could be opened and executed after his death as against those claiming under his will, which makes a general distribution of property and without revoking this trust.

The order amending the complaint should be reversed.

The judgment otherwise should be affirmed, costs to respondent on the merits, and to the defendants on the appeal from the order.

PRATT, J., concurred.

Order setting aside verdict for defendants, and directing judgment against the defendants on the merits, judgment for recovery of securities in favor of plaintiff against defendants, affirmed, with costs. Order of 18th March, 1884, amending title of the action reversed, with costs and disbursements.